**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SA CV 10-01909 DOC (RNBx)            Date: April 19, 2011

Title: JOAO CONTROL & MONITORING SYSTEMS OF CALIFORNIA v. ACTI CORPORATION INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): AMENDED ORDER GRANTING DEFENDANT UTC FIRE AND SECURITY CORPORATION'S MOTION TO DISMISS AND/OR SEVER FOR MISJOINDER

       Before the Court is Defendant UTC Fire and Security Corporation's Motion to Dismiss and/or Sever itself from the instant action for improper joinder by Plaintiff Joao Control & Monitoring Systems of California in the above-captioned case ("Motion") (Docket 124). The Court finds this matter appropriate for decision without oral arguments. Fed.R.Civ. P. 78; Local Rule 7-15. After having considered the moving, opposing, and replying papers, the Court hereby GRANTS the Motion.

       **I.     Background**

       Plaintiff Joao Control and Monitoring Systems of California ("Joao") alleges that it is the exclusive licensee of five patents: Patent, No. 5,917,405, entitled "Control Apparatus and Methods for Vehicles" ("405 patent"); Patent No. 6,542,076, entitled "Control, Monitoring and/or Security Apparatus ("706 patent"); Patent No. 6,549,130, entitled "Control Apparatus and Method for Vehicles and/or for Premises" ("130 patent"); Patent No. 6,587,046, entitled "Monitoring Apparatus and Method" ("046 patent"); and Patent No. 7,397,363, entitled "Control and/or Monitoring Apparatus and Method" ("363 patent") (collectively, "patents"). Complaint ("Compl.") ¶ 1. Joao alleges that Defendants provide and sell vehicle hardware and software that directly infringes Joao's patents. *Id*. at

6-17. In so doing, Defendants have allegedly solicited customers to purchase and use the respective infringing products. *Id.*

In light of this alleged wrongdoing, Joao filed its Complaint for patent infringement on December 15, 2010 (Docket 1) against twenty-one Defendants. On March 21, 2011, Defendant UTC Fire and Security Corporation ("UTC") filed the instant Motion requesting that the Court either dismiss or sever UTC from this action.

## II. Discussion

UTC contends that Joao has failed to meet the requirements of Federal Rule of Civil Procedure 20, which provides for the permissive joinder of parties. Defendant's Motion to Dismiss and/or Sever ¶ 1. If a party has been improperly joined under Rule 20, Federal Rule of Civil Procedure 21 authorizes the Court to dismiss the misjoined party or sever the claims brought against it.

### A. Joinder

Under Rule 20(a), multiple defendants may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Both the "same transaction" test and the "common question" test must be met for joinder to be proper. FED. R. CIV. P. 20(a). UTC argues that Joao cannot meet both of these tests.

The Court need not reach the "common question" test in this case because Joao plainly does not satisfy the "common transaction" test. In patent infringement cases against multiple infringers of the same patent, the "same transaction" test is met when the multiple alleged infringers acted in concert with each other when they produced, sold, or distributed the same allegedly infringing device. *Olympic Development AG, LLC v. Microsoft Corporation et. al.*, CV 10-8874-GWA, Doc. 60 (C.D. Cal. Feb. 3, 2011) (finding that the "common transaction" test was not met when Defendants separately infringed the same product); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973) ("[C]laims of infringement against unrelated defendants involving different acts should be tried against each defendant separately."); *see also 8 Chisum on Patents* § 21.03[6][a], at 21-579 – 580 (stating that the "same transaction" test "will not be met when . . . the only basis for joinder is that [the alleged infringers] are engaged in similar acts of infringement.").

Joao has not demonstrated any connection between UTC and the other Defendants in this case. As UTC points out, "There is no patent in this collection that is asserted against all defendants.

The Complaint accuses each defendant of infringing two of the five patents-in-suit. As a result, four of the five patents are not asserted against even a majority of the defendants." Defendant's Motion to Dismiss and/or Sever ¶ 2. Additionally, Joao alleges only that each of the Defendants "ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services." Compl. ¶ 5. These allegations are insufficient to show that UTC acted in concert with the other Defendants to engage in the allegedly infringing conduct. Since a "common allegation . . . does not suffice to create a common transaction or occurrence," the Court concludes that UTC is improperly joined as a Defendant in this action. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (holding that the "common transaction" test is not satisfied by separate occurrences, even if the occurrences are similar).

### III. Disposition

In light of the foregoing, the Court GRANTS UTC's Motion to dismiss itself from the instant action with LEAVE TO AMEND within 20 days of the issuance of this minute order.

The Clerk shall serve this minute order on all parties to the action.